**In re G. WEEKS SECURITIES, INC., Debtor in Chapter 11.**

**Francis J. SCOTT and T. Harold Craig, Co–Trustees for G. Weeks Securities, Inc., Plaintiffs,**

**v.**

**SAN DIEGO NAVY FEDERAL CREDIT UNION, Defendant.**

**Bankruptcy No. 79–22564.
Adv. No. 80–0220.**

United States Bankruptcy Court,
W. D. Tennessee, W. D.

Sept. 29, 1980.

---

See also, Bkrtcy., 3 B.R. 215.

Bruce Kramer, Memphis, Tenn., for plaintiffs.

Mark A. Saxon, San Diego, Cal., for defendant.

## MEMORANDUM OPINION

WILLIAM B. LEFFLER, Bankruptcy Judge.

### I

This cause came on to be heard upon a Motion to Dismiss for lack of *in personam* jurisdiction and for improper venue filed by the defendant, San Diego Navy Federal Credit Union. The defendant is a federally chartered unincorporated association with its principal place of business and headquarters in the County of San Diego, State of California. The defendant asserts that (1) all of its officers are residents of San Diego County; (2) no contract was ever executed by it in the State of Tennessee; (3) it has no agent, employee, or other representative located in the State of Tennessee; (4) it maintains no office in the State of Tennessee; and (5) it therefore has no contacts with this State which would be sufficient to make it subject to suit by the plaintiffs in this Court.

During the months of June and August of 1978, the defendant is alleged to have entered into two Government National Mortgage Association (GNMA) optional delivery or stand–by contracts with the debtor, G. Weeks Securities, Inc. These alleged contracts gave the debtor the option to deliver certain GNMA certificates to the defendant at a time certain in the future called the settlement date. The two respective settlement dates were January 19, 1980 and March 20, 1980. Subsequent to the alleged execution of these two contracts on November 6, 1979, G. Weeks Securities, Inc. initiated Chapter 11 reorganization proceedings in this Court. The plaintiffs were appointed co–trustees on February 4, 1980, which was after the January 18, 1980 settlement date and before the March 20, 1980 settlement date. On June 24, 1980, the plaintiffs filed a complaint against the defendant alleging that the defendant disavowed the contracts in question and refused to take delivery and pay for the GNMA certificates. The defendant filed its Motion to Dismiss on August 8, 1980.

## II

Should the Court grant the defendant's Motion to Dismiss for lack of *in personam* jurisdiction and for improper venue?

## III

This Court has had two occasions in the past to consider the extent of a bankruptcy court's *in personam* jurisdiction under 28 U.S.C. § 1471. Both cases involved defendants who apparently lacked "minimum contacts" with the State of Tennessee. The first case, *In re G. Weeks Securities, Inc.,* 3 B.R. 215 (Bkrtcy., 1980), questioned the intent of Congress to grant the bankruptcy court such pervasive *in personam* jurisdiction. This Court held that the legislative history of 28 U.S.C. § 1471 made it clear that Congress intended to grant bankruptcy courts comprehensive *in personam* and *in rem* jurisdiction to decide all controversies arising out of or relating to any bankruptcy or rehabilitation case.

The second case, *In re G. Weeks Securities, Inc.,* 5 B.R. 220 (Bkrtcy., 1980), involved a constitutional challenge to the exercise of such personal jurisdiction over a non–consenting defendant. In this latter case the court held *inter alia*: (1) that Congressional legislation is presumed to be constitutional; (2) that the court was not required to base its exercise of personal jurisdiction on the Tennessee "long arm statute" because Congress had specifically granted such jurisdiction to bankruptcy courts pursuant to 28 U.S.C. § 1471; and (3) that the grant and exercise of said jurisdiction was not violative of Fifth Amendment substantive due process. The Court stands on its decisions in these two prior cases and holds that the Court does have personal jurisdiction over the instant defendant under 28 U.S.C. § 1471. The defendant's Motion to Dismiss for the lack of personal jurisdiction is therefore denied.

## IV

The defendant's primary argument in support of its Motion to Dismiss is based on the alleged impropriety of venue in this Court. Venue of proceedings arising under or related to cases under title 11 is governed by 28 U.S.C. § 1473. The relevant provisions of that section read as follows:

"§ 1473. Venue of proceedings arising or related to cases under title 11.

(a) Except as provided in subsections (b) and (d) of this section, a proceeding arising in or related to a case under title 11 may be commenced in the bankruptcy court in which such case is pending.

(c) Except as provided in section (b) of this section, a trustee in a case under title 11 may commence a proceeding arising in or related to such case as statutory successor to the debtor or creditors under section 541 or 544(b) of title 11 in the bankruptcy court for the district where the State or Federal court sits in which under applicable nonbankruptcy venue provisions, the debtor or creditors, as the case may be, may have commenced an action on which such proceeding is based if the case under title 11 had not been commenced.

(d) A trustee may commence a proceeding arising under title 11 or arising in or related to a case under title 11 based on a claim arising after the commencement of such case from the operation of the business of the debtor only in the bankruptcy court for the district where a State or Federal court sits in which, under applicable nonbankruptcy venue provisions, an action on such claim may have been brought."

The defendant contends that under 28 U.S.C. § 1473(d) venue lies only in San Diego County, California. § 1473(d) limits the trustee's ability to commence a proceeding in the "home court" if the proceeding is based on a claim arising out of the operation of the debtor's business after the commencement of the title 11 case. The trustee may commence such a proceeding only in the district in which the debtor could have commenced it under applicable nonbankruptcy venue provisions. H.Rep. No. 95–595, 95th Cong., 1st Session 447, U.S. Code Cong. & Admin.News 1978, p. 5787 (1977). To support its argument the defendant cites this Court's opinion in the case of *In re G. Weeks Securities, Inc.*, 5 B.R. 220 (Bkrtcy., 1980). That case involved a suit by the instant plaintiffs as co–trustees against Fort Ord Federal Credit Union based upon said credit union's alleged breach of certain contracts for the purchase of GNMA certificates. Apparently there has been some confusion as to the true basis for this Court's opinion in the aforesaid case regarding the applicability of 28 U.S.C. § 1473(d). The defendant points out that, in regards to at least one of the GNMA contracts in question, the alleged breach of contract if substantiated by the plaintiffs would have occurred while the plaintiffs were operating the business of the debtor. Therefore, the defendant contends that § 1473(d) would apply and venue would not be with this Court.

In order to clarify this Court's decision in the prior *G. Weeks* case as it related to § 1473(d), it must be emphasized that the basis of that decision was the fact that, although the alleged claims arose after the filing of the Chapter 11 petition, they arose from the debtor's operation of the business and not from the co–trustees' operation of the business of the debtor. As stated by this Court in *In re G. Weeks Securities, Inc.*, 5 B.R. 220 at page 227 (Bkrtcy., 1980):

"As noted in 1 *Collier on Bankruptcy*, Par. 3.02, page 3–174 (15th ed., 1979):

' "Section 1473(d) will pertain to such actions as one to recover an account receivable *which arose from sales by the trustee* during the course of the operation of the business of the debtor; actions to specifically enforce a contract *entered into by the trustee during the course of the operation of the debtor's business*; or tort actions arising out of, for example, an automobile accident in which the property of the estate was involved but which occurred *while the property of the estate was being operated by the trustee during the course of his operations of the debtor's business.*" (Emphasis added.)'

"Based upon these examples the court interprets § 1473(d) as only applying to those claims which arise after the commencement of a title 11 case and from the *trustee's* operation of the business of the debtor. A contrary interpretation would be inconsistent with Congress' broad jurisdictional grant to the bankruptcy court in which the debtor's title 11 case was originally commenced. See, 28 U.S.C. § 1471. In the instant case the claim arose out of the *debtor's* operation of its business. The trustees merely succeeded to the rights of the debtor against the defendant. Therefore, the Court holds that venue does properly lie in this district pursuant to 28 U.S.C. § 1473(a). The defendant's Motion to Dismiss for improper venue is denied."

■ In other words, this Court interprets 28 U.S.C. § 1473(d) as applying only to the post–petition claims by the trustee which relate to legal relationships entered into or created by the trustee in the course of his operation of the business of the debtor. The alleged contracts involved in the instant case were executed by the debtor and arose out of the debtor's operation of

its business. It is true that at least one of these contracts was allegedly breached by the defendant while the plaintiffs as co-trustees were operating the debtor's business, however, the plaintiffs had no part in the creation of said contract. As statutory successors to practically all legal and equitable interests of the debtor, the plaintiffs now merely seek to assert any rights or claims that were created in the debtor as a result of said debtor's contractual relationship with the defendant. Specifically, the plaintiffs request specific performance and damages. Under these circumstances, the Court holds that 28 U.S.C. § 1473(d) is inapplicable to the instant case.

28 U.S.C. § 1473(c) is applicable to suits brought by a trustee as statutory successor to the debtor under §§ 541 and 544(b) of the Bankruptcy Code. § 541 defines property of the estate and includes in that definition choses in action and claims by a debtor against others, such as those asserted by the plaintiffs as co–trustees in the instant case. H.Rep. No. 95–595, 95th Cong., 1st Sess. 367–8 (1977) U.S.Code Cong. & Admin.News 1978, p. 5787; S.Rep. No. 95–989, 95th Cong., 2d Sess. 82–3 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787. It is important to note that § 1473(c) is an *alternative* provision to § 1473(a) and not an *exclusive* venue provision as is § 1473(d). § 1473(a) sets forth the general venue rule that venue of proceedings arising under or related to cases under title 11 may be commenced in the bankruptcy court in which the case is pending. Thus, the Court holds that the plaintiffs were entitled to bring the instant suit either in this Court pursuant to § 1473(a) *or* in the appropriate court as determined under § 1473(c). Therefore, the Court hereby denies the defendant's Motion to Dismiss for improper venue.

### V

The above constitutes the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 752. Counsel for the plaintiffs is directed to enter an order consistent with the opinion of the Court.