822

In the Matter of MARIN MOTOR OIL,
INC., a Corporation of the State of
New York, Debtor.

MONTELLO OIL CORP., Plaintiff,

v.

MARIN MOTOR OIL, INC., David P.
Michaels, Trustee and Cities Service
Company, Defendants.

Bankruptcy No. 81–0356.

United States Bankruptcy Court,
D. New Jersey.

Jan. 27, 1982.

Mattson, Madden & Polito by Frank D.
Angelastro, Newark, N.J., for Cities Service
Co.

Donald J. Williamson, Newark, N.J., for
Montello Oil Corp.

OPINION

MOTION OF CITIES SERVICE COMPA-
NY TO DISMISS FOR LACK OF SUB-
JECT MATTER JURISDICTION

D. JOSEPH DeVITO, Judge.

Defendant Cities Service Company
(Cities) moves to dismiss the amended com-
plaint of plaintiff Montello Oil Corporation
(Montello) on the ground that this Court
lacks subject matter jurisdiction by reason
of the alleged unconstitutionality of the
jurisdictional grant of power conferred by
28 U.S.C. § 1471 on the bankruptcy court.

In *Marathon Pipeline Co. v. Northern
Pipeline Constr. Co.*, 12 B.R. 946, 4 C.B.
C.2d 425 (D.Minn.1981), Judge Miles W.
Lord of the United States District Court for
the District of Minnesota specifically ruled
that the section 1471 delegation of authori-
ty to bankruptcy judges is unconstitutional
as conferring on Article I courts powers
reserved under the Constitution to Article
III judges.

The holding in *Marathon Pipeline, supra,*
as supplemented by a subsequent opinion of
Judge Lord, *Marathon Pipeline Co. v.
Northern Pipeline Constr. Co.*, 12 B.R. 946,
5 C.B.C.2d 114, 7 B.C.D. 1373 (D.Minn.1981),
furnishes the whole and exclusive case sup-
port for the specific proposition propounded
by Cities. *Marathon Pipeline* was appealed
by the United States Attorney General di-
rectly to the Supreme Court, which, on No-
vember 11, 1981, noting probable jurisdic-
tion, granted time for oral argument at a
date to be fixed.

This Court, mindful that Congress
enacted the Bankruptcy Reform Act of
1978, Pub.L.No. 95–598, 92 Stat. 2549 pursu-
ant to Art. 1, Sec. 8, cl. 4 of the Constitution
after considering and rejecting an earlier
Congressional House proposal to establish
the bankruptcy courts as Article III courts,
recognizes that a long-standing "strong pre-
sumption" of constitutionality attaches to
every Act of Congress, all the more when,

as here, the Act in question violates no specific prohibition of the Constitution. *United States v. Watson,* 423 U.S. 411, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976); *United States v. Five Gambling Devices,* 346 U.S. 441, 74 S.Ct. 190, 98 L.Ed. 179 (1953); *United States v. Di Re,* 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1947); *Ex Parte Mitsuye Endo,* 323 U.S. 283, 65 S.Ct. 208, 89 L.Ed. 243 (1944); *Willcuts v. Bunn,* 282 U.S. 216, 51 S.Ct. 125, 75 L.Ed. 304 (1931).

As noted, Congress deliberated the precise point in question here, and determined that it would not create a new tier of Article III bankruptcy courts, but that under the new bankruptcy court structure scheduled to go into effect on April 1, 1984, such courts would continue to function pursuant to Article I, Sec. 8, cl. 4. Under these circumstances, "the force of the presumption is at its maximum," *United States v. Five Gambling Devices, supra.* This Court is not persuaded to conclude that a clear demonstration has been made in the present situation sufficient to override that presumption.

The Court further notes that the Minnesota District Court ruling to the contrary, referenced above, is not *stare decisis,* thus not binding on this Court; further, that even in the District of Minnesota, the effect of Judge Lord's Order has been stayed pending appeal.

Moreover, the *Marathon Pipeline* holding has not been followed by any other federal court. To the contrary, in the recent case of *In re G. Weeks Securities, Inc.,* slip op., No. 81–2401 (W.D.Tenn. Sept. 24, 1981), *aff'g,* 5 B.R. 220, 2 C.B.C.2d 544 (B.Ct.W.D. Tenn.1980), the United States District Court for the Western District of Tennessee, affirming the bankruptcy court, denied a motion, identical to that under consideration here, to dismiss the proceedings in bankruptcy court for lack of subject matter jurisdiction, by noting:

> Finally, the Court does not find *Marathon Pipeline Co. v. Northern Pipeline Construction Company* ... sufficient authority to justify any reasonable belief that appellants are likely to prevail on the

question of the constitutionality of Section 1471, Title 28, United States Code. This Court concurs in the above statement.

For all the above reasons, Cities' motion to dismiss for lack of subject matter jurisdiction is denied. Submit an Order in accordance therewith.