**In re Rafael Riquelme ABRAMS, Debtor.**

**In re Carmen G. Cabrera MALDONADO, Debtor.**

**Bankruptcy Nos. B–81–00089(B), B–81–00156(B).**

United States Bankruptcy Court, D. Puerto Rico.

June 23, 1981.

Domingo R. Emanuelli, Reo Piedras, P.R., for co-debtor, Rafael Riquelme Abrams.

Andrés J. Garcia Arregui, for co-debtor, Carmen M. Cabrera Maldonado.

## OPINION AND ORDER

W. H. BECKERLEG, Bankruptcy Judge.

This case involves an issue which has never before been presented to the consideration of this court, namely, the power of the Bankruptcy Court to enter into a divorce proceeding involving two debtors under the provisions of Chapter 13 of the Bankruptcy Code.

The facts as they appeared from the pleadings are the following:

1) On February 24, 1981, Rafael Riquelme Abrams filed a petition under the provisions of Chapter 13 of the Bankruptcy Code.

2) Subsequently, as of March 26, 1981, Carmen G. Cabrera Maldonado, the debtor's wife, filed her own Chapter 13 Bankruptcy petition.

3) On March 31, 1981, the Court consolidated both cases pursuant to the provisions of Rule 117 of the Rules of Bankruptcy Procedure.

4) On April 8, 1981, the above mentioned debtors filed an application requesting au-

thorization to commence a divorce proceeding at the Bankruptcy Court. In their application the debtors alleged that said divorce proceeding could be held at this court pursuant to the provision of Section 1471 of the Judicial Code, 28 U.S.C. 1471. Moreover, it was alleged that their right to mutually consent to the dissolution of their marriage arose from the holding made by the Supreme Court of Puerto Rico in the case of *Figueroa Ferrer v. ELA*, 107 D.P.R. 250 (1978).

*CONCLUSIONS OF LAW:*

Chapter 90, Sections 1471 through 1482, was added to the Judicial Code by Section 241(a) of the Bankruptcy Reform Act of 1978. Among the sections added was Section 1471, 28 U.S.C. § 1471, which in its pertinent parts reads as follows:

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

It is unquestionable that the provisions of 28 U.S.C. § 1471(b) were intended by the Congress to expand the jurisdiction exercised by the bankruptcy courts. See S.Rep. No.989, 95th Cong., 1st Sess. 153–54 (1978), U.S.Code Cong. & Admin.News, 1978, p. 5787. This expanded jurisdiction was designated to permit the expeditious administration of the debtor's estate by enabling the bankruptcy court to hear disputes which formerly had to be litigated in other forums. This grant of jurisdiction was not unlimited. *See In re Universal Profile, Inc.*, 6 B.R. 194, 2 C.B.C. 2d 1212 (Bkrtcy. N.D., Ga., 1980).

Section 541 of 11 U.S.C. defines the concept "property of the estate", and specifies what property becomes property of the estate once a case under said title is commenced. Among the properties therein described is included "all interest of the debtor and the debtor's spouse in community property as of the commencement of the case, that is—

"(A) under the *sole, equal,* or *joint management* and control of the debtor; or

(B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor's spouse, to the extent that such interest is so liable..."

As set forth in Section 541 once a case under 11 U.S.C. is commenced, either by one or by both spouses, all the community property belonging to the debtors becomes part of the estate. Thus, the Bankruptcy Court can determine the extent, if any, to which jointly held property is liable for jointly-owned debts.

In the case of a joint petition, Section 302(b) of 11 U.S.C. specifically empowers the Bankruptcy Court to consolidate the "estates" of both spouses, and in the case of a single petition, the power to consolidate the property and the debts jointly-owned by the spouses is implicitly given to the Bankruptcy Court through Sections 101(6), 101(9)(C), 501, 524(a)(3), 541(a)(2) and 726(c) of 11 U.S.C. and Section 1471(e) of 28 U.S.C.

Section 1471(e) of the Judicial Code, 11 U.S.C. 1471(e) further states that:

"The Bankruptcy Court in which a case under title 11 is commenced shall have exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case."

28 U.S.C. 1471(e) leaves no doubt as to the jurisdictional reach of the bankruptcy court over property of the debtor. See *In re Elio C. Bellucci*, 9 B.R. 887, 7 B.C.D. 519 (Bkrtcy.Mass.1981); the subsection makes explicit that all property of the debtor (which upon filing of the bankruptcy petition becomes "property of the estate" and among which is included the community property) is in *custodia legis* of the Bankruptcy Court. See *Collier on Bankruptcy*, vol. 1 Para. 3.01(g), (15th Edition 1979).

Clearly, and abundantly, the statute provides and requires that the Bankruptcy Court exercise jurisdiction over the property of the spouses whether the case be initiated by a joint petition or by separate petition as here. Does this jurisdiction carry with it the faculty to divorce the debtors? The Supreme Court of Puerto Rico in *Figueroa Ferrer*, supra, took upon itself the responsibility of permitting divorce by mutual consent under certain conditions and to declare unconstitutional the second sentence of Section 97 of the Civil Code of Puerto Rico (31 L.P.R.A. § 331), which is to the contrary; but the Supreme Court of Puerto Rico did not declare unconstitutional or change the first sentence of the same article which provides that "a divorce can be granted *only* . . . by the Superior Court."

The subject matter of domestic relations has long been held by other federal courts to be a matter peculiarly within the province of state law. See *Barber v. Barber*, 62 U.S. 582, 21 How. 582, 16 L.Ed. 226 (1859); in re: *Burrus*, 136 U.S. 586, 10 S.Ct. 850, 34 L.Ed. 500 (1890); *Shiffman v. Askew*, 359 F.Supp. 1225 (M.D.Fla.1973), affirmed sub nom. *Makres v. Askew*, 500 F.2d 577 (5th Cir. 1974).

Justice Felix Frankfurter once said:

"If the marriage contract were no different from a contract to sell an automobile, the parties thereto might well be permitted to bargain away all interests involved, in or out of court. But the State has an interest in the family relations of its citizens vastly different from the interest it has in an ordinary commercial transaction. That interest cannot be bartered or bargained away by the immediate parties to the controversy by a default or an arranged contest in a proceeding for divorce in a State to which the parties are strangers." *Sherrer v. Sherrer*, 334 U.S. 343, 356, 68 S.Ct. 1087, 1093, 92 L.Ed. 1429 (1948).

The Supreme Court of Puerto Rico did not in *Figueroa Ferrer* waive or renounce the special interest of Puerto Rico in the domestic relations of its citizens; assuredly, they did not invite the Bankruptcy Court to try its hand in this delicate field, and we do not read the words of Congress as inviting us to do so, and even if they had we would be inclined to defer to our local brethren. However, our reluctance to exercise jurisdiction over a divorce petition is not to be construed as a denial of jurisdiction over the properties involved in a divorce proceeding when one, or both of the parties is a debtor in bankruptcy. See *In re Charles Allen Cunningham & Shirley Ruth Cunningham*, 9 B.R. 70, 7 B.C.D. 465 (N.M. 1981). Jurisdiction over the *property* is conferred upon us exclusively by the statute, and in this area of property we have no choice but to follow Congress' mandate. When one or both of the spouses are before this court and there is property and assets, we are concerned, and, quite simply, the debtor, or debtors, lack the authority absent our consent, to dispose of their property.

Wherefore, this Court hereby denies the application filed by the debtors on April 8, 1981.

It is so ORDERED AND DECREED.