In re NIXON MACHINERY
COMPANY, Debtor.

NIXON MACHINERY COMPANY,
Plaintiff,

v.

ROY ENERGY, INC., and Robert C.
Roy, Defendants.

Bankruptcy No. 1–80–00779.

Adv. No. 1–80–0696.

United States Bankruptcy Court,
E. D. Tennessee.

Oct. 29, 1981.

Richard T. Klingler, Weill, Ellis, Weems & Copeland, Chattanooga, Tenn., for plaintiff.

Allison Ulin, Paty, Rymer & Ulin, Chattanooga, Tenn., for defendants.

## MEMORANDUM

RALPH H. KELLEY, Bankruptcy Judge.

This is a suit to collect a debt, brought in this court because the plaintiff, Nixon Machinery, is a debtor in possession in a chapter 11 bankruptcy case pending in this court. See 11 U.S.C. §§ 1106(a), 323, & 542(b). The alleged debtors, Robert C. Roy and Roy Energy, Incorporated, deny they owe Nixon any debt. But the question now before the court does not concern the merits of Nixon's claim.

In their answer, the defendants raised two preliminary defenses: (1) that service of process was insufficient and (2) that the court does not have jurisdiction over them.[1] The defendants subsequently filed a motion to dismiss on the same grounds.

### Service of Process

Service of process was by mail to the defendants' address in Del Ray Beach, Flor-

---

1. The objections were not waived by being raised first in the answer. Bankruptcy Rules 712(b) & 915; C. Wright & A. Miller, Federal Practice & Procedure: Civil § 1351 at 564 (1969).

ida. The defendants' briefs and argument did not question the legality of service of process by mail. They admitted it was received. It appears the objection to service of process was intended to raise the jurisdiction question. It was not intended to be a separate defense.[2]

■ In any event, service of process by mail is proper in bankruptcy proceedings. Bankruptcy Rule 704 provides:

> (c) Service of summons, complaint, and notice of pre-trial conference may also be made within the United States by first-class mail postage prepaid as follows:
>
> > (1) Upon an individual . . . by mailing . . . to the place where he regularly conducts his business or profession.
> >
> > . . . .
> >
> > (3) Upon a domestic or foreign corporation . . . by mailing . . . to the attention of an officer . . . .[3]

Mr. Roy was served individually and as president of Roy Energy at its business address.

The defense that service of process was insufficient must be rejected.

### Jurisdiction

The defendants do not seriously dispute that Congress intended for the bankruptcy courts to have jurisdiction to decide almost all controversies related to bankruptcy cases.[4] The statutes and their legislative history show that intent clearly.

The jurisdiction statute, 28 U.S.C. § 1471, provides:

> (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
>
> (b) Notwithstanding an Act of Congress that confers exclusive jurisdiction on a court or courts other than the district court, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising in or related to a case under title 11.
>
> (c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

Subsection (b) is the applicable section. It and subsection (c) give the bankruptcy courts jurisdiction over proceedings such as this one, despite any federal law that also confers jurisdiction in other courts.

Technically, it can be argued that the statute only gives the court subject matter jurisdiction over civil proceedings such as this.

Even if that is true, the broad extent of the jurisdiction given reflects on the intended extent of the courts' personal jurisdiction. The Senate Judiciary Committee explained:

> This broad grant of jurisdiction will enable the bankruptcy courts, which are created as adjuncts of the district court for the purpose of exercising the jurisdiction, to dispose of controversies that arise in bankruptcy cases or under the bankruptcy code. Actions that formerly had to be tried in the State court or in the Federal district court, at great cost and delay to the estate, may now be tried in

---

Though intended for practice under the prior bankruptcy statute, the rules were continued in effect under the Bankruptcy Code, which governs this case, except to the extent inconsistent with the code. Bankruptcy Reform Act of 1978, Pub.L.No. 95–598, § 405(d), 92 Stat. 2549 (1978). As they relate to this proceeding, nothing in the rules mentioned is inconsistent with the code.

2. An objection to process or service of process is sometimes used to raise the question of jurisdiction over the defendant. C. Wright & A. Miller, Federal Practice & Procedure: Civil § 1351 at 561–562 (1969).

3. Service by mail, as done in this proceeding, is not inconsistent with any provision of the Bankruptcy Code. See second paragraph of note 1 above.

4. Consistently with the general rule, the bankruptcy courts have denied jurisdiction over divorce matters. *In re Abrams*, 12 B.R. 300 (Bkrtcy.P.R.1981); *In re Cunningham*, 7 B.C.D. 465, 9 B.R. 70 (Bkrtcy.D.N.M.1981); *In re Universal Profile, Inc.*, 6 B.R. 194, 2 C.D.C.2d 1212 (Bkrtcy.N.D.Ga.1980).

the bankruptcy court. The idea of possession and consent as bases for jurisdiction is eliminated. The adjunct bankruptcy courts will exercise in personam as well as in rem jurisdiction in order that they may handle everything that arises in a bankruptcy case.

S.Rep.No. 95–989, 95th Cong., 2d Sess. 153, U.S.Code Cong. & Admin.News 1978, pp. 5787, 5939 (1978).

The venue statute, 28 U.S.C. § 1473, further indicates the extent to which the bankruptcy courts were expected to have personal jurisdiction.

> (a) Except as provided in subsections (b) and (d) of this section, a proceeding arising in or related to a case under title 11 may be commenced in the bankruptcy court in which such case is pending.

> (b) Except as provided in subsection (d) of this section, a trustee in a case under title 11 may commence a proceeding arising in or related to such case to recover a money judgment of or property worth less than $1,000 or a consumer debt of less than $5,000 only in the bankruptcy court for the district in which a defendant resides.

> . . . .

> (d) A trustee may commence a proceeding under title 11 or arising in or related to a case under title 11 based on a claim arising after the commencement of such case from the operation of the business of the debtor only in the bankruptcy court for the district where a State or Federal court sits in which, under applicable nonbankruptcy venue provisions, an action on such claim may have been brought.

> . . . .

For civil proceedings arising in or related to a bankruptcy case, venue is almost always in the court where the bankruptcy case is pending. Personal jurisdiction and venue are not the same, but the statute shows that Congress expected most civil proceedings related to a bankruptcy case to be triable in the court where the case is pending.

Subsection (b) is particularly significant. It shows how Congress meant to protect persons from having to defend in an inconvenient bankruptcy court.

·This section prevents unfairness to distant debtors of the estate, when the cost of defendant would be greater than the cost of paying the debt owed.

S.Rep.No. 95–989, 95th Cong., 2d Sess. 155 (1978); H.R.Rep.No. 95–595, 95th Cong., 1st Sess. 446 (1977), U.S.Code Cong. & Admin. News 1978, pp. 5941, 6402; both reprinted in Appendix Vols. 1 & 2. Collier on Bankruptcy (15th ed. 1979).

Though it comes from early in the legislative process that led to the Bankruptcy Reform Act, the statement below appropriately describes the statutory scheme that was enacted.

> What is needed is a system which diminishes the handicaps imposed on litigation by the trustee in the bankruptcy court by the jurisdictional limitations, while providing a mechanism for assuring convenience to all parties to particular litigation and ensuring that the more general public interest in a fair and expeditious disposition of the litigation will be appropriately balanced in the final selection of a forum.

Report of the Commission on Bankruptcy Laws of the United States, H.R.Doc.No. 93–197, 93d Cong., 1st Sess. Part I at 90 (1973), reprinted in Appendix Vol. 2, Collier on Bankruptcy (15th ed. 1979).

It is clear from other statutes that Congress followed this advice.

> 28 U.S.C. § 1475. Change of venue.

> A bankruptcy court may transfer a case under title 11 or a proceeding arising under or related to such a case to a bankruptcy court for another district, in the interest of justice and for the convenience of the parties.

> 28 U.S.C. § 1477. Cure or waiver of defects.

> (a) The bankruptcy court of a district in which is filed a case or proceeding laying venue in the wrong division or district may, in the interest of justice and for the convenience of the parties, retain

such case or proceeding, or may transfer, under section 1475 of this title, such case or proceeding to any other district or division.

■ It clearly appears that Congress meant for the bankruptcy courts to exercise the broadest possible personal jurisdiction. However, the personal jurisdiction of the federal courts is limited by the due process clause of the Fifth Amendment to the United States Constitution.[5] See cases cited pages 134–135, below.

■ Likewise, the fourteenth amendment imposes due process limits on the personal jurisdiction of the state courts.[6] *Pennoyer v. Neff*, 95 U.S. 714, 733, 24 L.Ed. 565 (1877).

. Generally due process means that a defendant cannot be subjected to the jurisdiction of a court if doing so would "offend 'traditional motions of fair play and substantial justice.'" *International Shoe Company v. State of Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945), quoting *Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940).

What is fair and just depends on the facts. Under the fourteenth amendment it has been held that a defendant cannot be subjected to the jurisdiction of a state court unless he has had "minimum contacts" with the state. *International Shoe Company v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). See also *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); *Kulko v. Superior Court of California*, 436 U.S. 84, 98 S.Ct. 1690, 56 L.Ed.2d 132 (1978), reh. den. 438 U.S. 908, 98 S.Ct. 3127, 57 L.Ed.2d 1150 (1978); *Shaffer v. Heitner*, 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977); *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *McGee v. International Life Insurance Company*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957).

■ The defendants argue that their contacts with the state of Tennessee do not justify this court's exercise of jurisdiction over them. The first question is whether contacts with the state are controlling. That is a state, or fourteenth amendment, standard for determining whether due process is satisfied. This is a federal court.

The court does not think contacts with the state are controlling. In one kind of case the personal jurisdiction of the federal district courts has been limited to that of the state courts under state law and the fourteenth amendment. See, e. g., *Davis H. Elliot Co., Inc. v. Caribbean Utilities Co., Ltd.*, 513 F.2d 1176 (6th Cir. 1975); *Southern Machine Company, Inc. v. Mohasco Industries, Inc.*, 401 F.2d 374 (6th Cir. 1968); *Velandra v. Regie Nationale Des Usines Renault*, 336 F.2d 292 (6th Cir. 1964); *Arrowsmith v. United Press International*, 320 F.2d 219 (2d Cir. 1963); *Smartt v. Coca-Cola Bottling Corp.*, 318 F.2d 447 (6th Cir. 1963).

Those cases involved the diversity jurisdiction of the federal district courts. In one respect those cases are similar to proceedings such as this. The rights of the plaintiffs in those cases ultimately depended on state substantive law. Likewise, the rights of the plaintiff in this proceeding depend on state substantive law. Nevertheless, the diversity cases are distinguishable.

In diversity cases the federal district courts have jurisdiction solely because there is a federal interest in providing diversity jurisdiction. The bankruptcy courts have jurisdiction over civil proceedings such as this for the purpose of carrying out the bankruptcy law. This is not the same but is similar to federal question jurisdiction. It has been held that when a plaintiff's claims in a federal court case are based on a federal statute, then jurisdiction over the defendant depends on a federal or fifth amendment due process standard. See, e. g., *Fraley v. Chesapeake & Ohio Railway*

---

**5.** "No person shall . . . be deprived of life, liberty, or property, without due process of law . . . ."

**6.** "[N]or shall any state deprive any person of life, liberty, or property, without due process of law . . . ."

*Company*, 397 F.2d 1 (3d Cir. 1968); *Lone Star Package Car Co., Inc. v. Baltimore & O. R. Co.*, 212 F.2d 147 (5th Cir. 1954); *Holt v. Klosters Rederi A/S*, 355 F.Supp. 354 (W.D.Mich.1973); *Edward J. Moriarty & Co. v. General Tire & Rubber Co.*, 289 F.Supp. 381 (S.D.Ohio 1967); *Goldberg v. Mutual Readers League, Inc.*, 195 F.Supp. 778 (E.D.Pa.1961). When the overriding interest is the execution of a federal statute, the jurisdiction of the federal court should not depend on concerns based on federalism, state sovereignty, or the state's interest in providing a forum. The personal jurisdiction of the court should depend on the fifth amendment due process standard.

The leading diversity case recognized that a federal due process standard is proper when a federal interest requires it and Congress has indicated that the state standard should not control. The court said:

> [W]e fully concede that the constitutional doctrine announced in *Erie R.R. v. Tompkins*, [citation omitted], would not prevent Congress or its rule-making delegate from authorizing a district court to assume jurisdiction over a foreign corporation in an ordinary diversity case although the state court would not . . . . But we find no federal policy that should lead the federal courts in diversity cases to override valid state laws as to the subjection of foreign corporations to suit, in the absence of direction by federal statute or rule. State statutes determining what foreign corporations may be sued, for what, and by whom, are not mere whimsy; like most legislation they represent a balancing of various considerations . . . . We see nothing in the concept of diversity jurisdiction that should lead us to read into the governing statutes a Congressional mandate, unexpressed by Congress itself, to disregard the balance thus struck by the states.

*Arrowsmith v. United Press International*, 320 F.2d 219, 226 (2d Cir. 1963).

Congress has sufficiently indicated that the bankruptcy courts' personal jurisdiction should be as broad as possible. If the diversity cases were followed, the personal jurisdiction of a bankruptcy court would be limited by fourteenth amendment limits on the jurisdiction of state courts. More significantly, the bankruptcy courts' personal jurisdiction would be subject to state statutes or rules that deny the state courts personal jurisdiction to the full extent allowed by the fourteenth amendment. Such a situation would be contrary to Congressional intent.

It has been held that under the fifth amendment a federal court can constitutionally exercise jurisdiction over any person within the United States. *Fitzsimmons v. Barton*, 589 F.2d 330 (7th Cir. 1979); *Mariash v. Morrill*, 496 F.2d 1138, 1143 (2d Cir. 1974). The rule has been followed by the bankruptcy courts in civil proceedings such as this. *In re Trim-Lean Meat Products, Inc.*, 11 B.R. 1010, 7 B.C.D. 1081, 4 C.B.C.2d 1103 (U.S.D.C.D.Del.1981) (*Beasley v. Kelco Foods, Inc.*); *In re Whippany Paper Board Co., Inc.*, 4 C.B.C.2d 370 (Bankr. D.N.J.1981) (*Whippany Paper Board Co. v. Victory Container Corp.*); *In re G. Weeks Securities Inc.*, 5 B.R. 220, 2 C.B.C.2d 544 (Bkrtcy.W.D.Tenn.1980) (*Scott v. Fort Ord Federal Credit Union*). On the basis of this rule, the court can constitutionally exercise jurisdiction over these defendants. Their contacts with Tennessee are not controlling on the question of whether they are subject to the court's jurisdiction.

It appears that the rule is accepted, though in some situations it may be unfair to the defendant. Unfairness can be cured by transfer to a more convenient bankruptcy court. *Fitzsimmons v. Barton*, above. The defendants have not made a motion to transfer.

The defendants' objection to jurisdiction is denied.

This memorandum constitutes findings of fact and conclusions of law as required by Bankruptcy Rule 752.