In re COBY GLASS PRODUCTS CO., Noelle Decorations, Inc. Unico Realty Co., Debtors.

COBY GLASS PRODUCTS, CO., Plaintiff,

v.

TORIGIAN LABORATORIES, INC., Defendant.

Bankruptcy Nos. 8100132, 8100133 and 8100136.

Adv. No. 820147.

United States Bankruptcy Court, D. Rhode Island.

Sept. 13, 1982.

Michael B. Mellion, Zietz, Mittleman & Webster, Providence, R.I., for plaintiff.

Isadore H. Cohen, Nyack, N.Y., for defendant.

## DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

ARTHUR N. VOTOLATO, Jr., Bankruptcy Judge.

The captioned Chapter 11 petitions were filed between February 27, 1981 and March 2, 1981, and brought the instant adversary proceeding to recover funds allegedly owed by Torigian to Coby for goods sold and delivered. Service of the summons and complaint was made pursuant to Bankruptcy Rule 704 by first class mail, upon the president of the Company, at its business address in New York.

Before the Court is Torigian Laboratories, Inc.'s motion:[1] (1) to dismiss the proceeding and quash the service of process for lack of personal jurisdiction, or (2) to change venue.[2]

1. This matter was submitted on memoranda, without a hearing by agreement of counsel.

2. By letter dated July 28, 1982 the Defendant raised an additional ground for dismissal—that the case of *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, — U.S. —, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) "compels the Court to grant our motion". This contention is addressed at note 3 *infra*.

3. The United States Supreme Court has declared the Bankruptcy Reform Act unconstitutional in the case of *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, — U.S. —, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). 1982). That holding applies only prospectively, however, and in staying judgment until October 4, 1982, the Court said:
     It is ... plain that retroactive application would not further the operation of our hold-

The Defendant contends that this Court lacks jurisdiction because of Torigian's absence of minimum contacts with Rhode Island, and also argues that 28 U.S.C. 1473(c) establishes compulsory venue, which for this proceeding is New York.

The Plaintiff responds that this Court has jurisdiction over any matter related to or connected with a title 11 case commenced here, and cites *Nixon Machinery Co. v. Roy Energy, Inc. (In re Nixon Machinery Co.)*, 15 B.R. 131, 8 B.C.D. 373 (Bkrtcy. E.D. Tenn. 1981) for the proposition that the minimum contacts test is not controlling in bankruptcy proceedings. Coby also contends that venue in Rhode Island is proper under 28 U.S.C. 1473(a).

Bankruptcy Court jurisdiction[3] is established in 28 U.S.C. § 1471, which provides in pertinent part:

(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

(c) *The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdic-*

ing, and would surely visit substantial injustice and hardship upon those litigants who relied upon the Act's vesting of jurisdiction in the bankruptcy courts. We hold, therefore that our decision today shall apply only prospectively.
     The judgment of the District Court is affirmed. However, we stay our judgment until October 4, 1982. This limited stay will afford Congress an opportunity to reconstitute the bankruptcy courts or to adopt other valid means of adjudication, without impairing the interim administration of the bankruptcy laws.
Accordingly, this court will exercise the full breadth of its authority under 28 U.S.C. § 1471 during the interim period, or any extensions thereof.

*tion conferred by this section on the district courts.*

. . . .

*(e) The bankruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case.*

(Emphasis added)

██ The plain language of the statute and the legislative history of this section indicate that Congress intended to establish a comprehensive grant of in rem and in personam jurisdiction which, notwithstanding the Defendant's argument to the contrary, does not depend on consent. The House Report on § 1471 provides in part:

Subsection (b) (of § 1471) is a significant change from current law. It grants the bankruptcy court original (trial), but not exclusive, jurisdiction of all civil proceedings arising under Title 11 or arising under or related to cases under Title 11. This is the broadest grant of jurisdiction to dispose of proceedings that arise in bankruptcy cases or under the bankruptcy code. Actions that formerly had to be tried in State court or in Federal district court, at great cost and delay to the estate, may now be tried in the bankruptcy courts. The idea of possession or consent as the sole basis for jurisdiction is eliminated. The bankruptcy court is given in personam jurisdiction as well as in rem jurisdiction to handle everything that arises in a bankruptcy case.

H.R. Rep. No. 95–595, 95th Cong., 1st Sess. 445–46 (1977), U.S. Code Cong. & Admin. News 1978, pp. 5787, 6400. The Defendant's contention that jurisdiction does not exist without its consent is frivolous.

**4.** § 1473. Venue of proceedings arising under or related to cases under title 11.

. . . .

(c) Except as provided in section (b) of this section, a trustee in a case under title 11 *may* commence a proceeding arising in or related to such case as statutory successor to the debtor or creditors under section 541 or 544(b) of title 11 in the bankruptcy court for the district where the State or Federal court sits in which, under applicable nonbankruptcy venue provisions, the debtor or creditors,

██ The Defendant's assertion that it must have had certain minimum contacts with Rhode Island in order for this Court to exercise jurisdiction is also rejected. I agree with the following decisions which hold that the minimum contacts test is not applicable in bankruptcy proceedings *Schack Glass Industries Co., Inc.,* 20 B.R. 967 (Bkrtcy. S.D.N.Y. 1982); *Nixon Machinery Co.,* 15 B.R. at 134–35; *Whitlock v. Worrall (In re American Aluminum Window Corp.),* 15 B.R. 803, 8 B.C.D. 713 (Bkrtcy. D. Mass. 1981); *Scott v. Fort Ord Federal Credit Union (In re G. Weeks Securities, Inc.),* 5 B.R. 220 (Bkrtcy. W.D. Tenn. 1980).

██ Torigian's third contention, that under 28 U.S.C. 1473(c)[4] this proceeding must be brought in New York, is also without merit. Section 1473(c) does not establish compulsory venue—it is permissive only, providing an alternative venue for certain proceedings. 1 Collier on Bankruptcy ¶ 3.02, 3–182 (15th Ed.) Under 28 U.S.C. § 1473(a)[5] venue is clearly proper in the Rhode Island court where the bankruptcy case is pending. We recognize that the Court may transfer this proceeding to New York if such transfer would be in the interest of justice and for the convenience of the parties, 28 U.S.C. § 1475, but on this point Torigian merely states that "a trial in . . . New York would be no handicap to Plaintiff" and that "a trial in Rhode Island would make it impossible for Defendant to defend." Defendant's Reply Memorandum at 3. There is no basis for the conclusion that a transfer to New York would be in the interest of justice and for the convenience of parties. See *Cole Associates, Inc. v. Howes Jewelers, Inc. (In re Cole Associ-*

as the case may be, may have commenced an action on which such proceeding is based if the case under title 11 had not been commenced. (emphasis added)

**5.** § 1473. Venue of proceeding arising under or related to cases under title 11.

(a) Except as provided in subsections (b) and (d) of this section, a proceeding arising in or related to a case under title 11 may be commenced in the bankruptcy court in which such case is pending.

*ates, Inc.),* 7 B.R. 154, 6 B.C.D. 565 (Bkrtcy. D. Utah 1980).

The motion to dismiss is denied.