George W. **HARDER** and Michael J. Harder, Plaintiffs,

v.

**DESERT BREEZES MASTER ASSOCIATION, Desert Breezes Casas Homeowners Association, National Mortgage Company, State Street Bank & Trust Company, Carlos E. Sosa, David M. Peters, William R. Fennell and Judy Mandel, Defendants.**

No. 95–CV–1235.

United States District Court, N.D. New York.

Feb. 16, 1996.

▆▆▆▆▆▆▆▆▆▆▆▆▆▆

---

Harder Silber and Bergan (Daniel C. Harder, of counsel), Albany, New York, for Plaintiffs.

Hinman, Straub Law Firm (Thomas D. Latin, of counsel), Albany, New York, for Defendants Desert Breezes Master Association, Desert Breezes Casas Homeowners Association, Carlos E. Sosa, and David M. Peters.

Cooper, Erving Law Firm (Phillip G. Steck, of counsel), Albany, New York, for

Defendants National Mortgage Company and State Street Bank & Trust Company.

## MEMORANDUM, DECISION, AND ORDER

McAVOY, Chief Judge.

Plaintiffs George and Michael Harder brought suit against defendants on six causes of action, including fraud, violation of corporate by-laws, infliction of emotional distress, fraudulent conveyance of property, and unjust enrichment. In their complaint, plaintiffs assert diversity of citizenship as the sole basis for subject matter jurisdiction. Defendants Desert Breezes Casas Homeowners Association, Desert Breezes Master Association, David M. Peters, and Carlos E. Sosa filed a motion to dismiss for lack of personal jurisdiction or, in the alternative, improper venue.

## I. Background

Recently, plaintiffs brought an action in this Court against their former lawyers for failing to prevent the loss of a California condominium unit, which defendants in the case at bar are alleged to have caused. At oral argument in the earlier case, plaintiffs were at a loss to explain why the Court had personal jurisdiction over the defendants, both of whom were California citizens, when all of the alleged facts giving rise to the action appeared to have occurred in California. Plaintiffs' earlier action seems to have terminated when the Court granted the defendants' motion to dismiss for lack of personal jurisdiction. However, the Court based its decision on plaintiffs' repeated failure to comply with the Local Rules of the Northern District of New York, rather than on the merits. *See Harder v. Harnik,* No. 95–CV–0673, 1995 WL 760730 (N.D.N.Y. December 18, 1995). Plaintiffs now reenter the jurisdictional fray with a new set of defendants.

## II. Discussion

Although the sole basis of subject matter jurisdiction alleged in plaintiffs' complaint is diversity jurisdiction, plaintiffs include an alternative basis in their opposition to defen-

dants' dismissal motion. There, plaintiffs allege that George Harder has a petition for Chapter 13 bankruptcy pending in the United States Bankruptcy Court for the Northern District of New York which involves some of the same issues that are currently before this Court. Plaintiffs then argue that by virtue of 28 U.S.C. §§ 157 and 1334, the pending bankruptcy action permits this Court to exercise personal jurisdiction over nonresident defendants despite a lack of minimum contacts between those defendants and New York.

### A. Legal Standard

As the Court will resolve defendants' motion to dismiss for lack of personal jurisdiction on the basis of the pleadings, affidavits, and memoranda before it, plaintiffs' burden is to make a prima facie showing that the movants are amenable to personal jurisdiction in New York. *CutCo Indus., Inc. v. Naughton,* 806 F.2d 361, 364 (2d Cir.1986); *A.I. Trade Finance, Inc. v. Petra Bank,* 989 F.2d 76 (2d Cir.1993). In reaching its determination, the Court must construe all allegations in a light most favorable to, and resolve doubts in favor of, plaintiffs. *A.I. Trade,* 989 F.2d at 79–80.

### B. Diversity

In a diversity action, the Court looks to New York law to determine whether a basis exists for exercising personal jurisdiction over a defendant. *Id.* at 80; *see also United States v. First Nat'l City Bank,* 379 U.S. 378, 381–82, 85 S.Ct. 528, 530–31, 13 L.Ed.2d 365 (1965); *Arrowsmith v. United Press Int'l,* 320 F.2d 219, 222–23 (2d Cir. 1963). The relevant jurisdictional statutes are N.Y.Civ.Prac.L. & R. §§ 301–02.

#### 1. § 301

Section 301 provides for two bases of personal jurisdiction: consent and "doing business" in New York. *See National Equip. Rental Ltd. v. Szukhent,* 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354 (1964) (consent); *Landoil Resources Corp. v. Alexander & Alexander Serv., Inc.,* 918 F.2d 1039, 1043 (2d Cir.1990) (doing business). There is no evidence that any of the moving defendants

have consented to personal jurisdiction in New York. Similarly, plaintiffs have failed to supply evidence that any of the moving defendants are "doing business" in New York, which would require them to be engaged in a "continuous and systematic course of 'doing business'" in this State, *Frummer v. Hilton Hotels Int'l, Inc.*, 19 N.Y.2d 533, 281 N.Y.S.2d 41, 43, 227 N.E.2d 851, 852 (N.Y.), *cert. denied*, 389 U.S. 923, 88 S.Ct. 241, 19 L.Ed.2d 266 (1967), or to be present in New York "with a fair measure of permanence and continuity." *Landoil*, 918 F.2d at 1043 (quoting *Tauza v. Susquehanna Coal Corp.*, 220 N.Y. 259, 267, 115 N.E. 915 (1917)). Perhaps some of the moving defendants conduct or solicit business, maintain offices, keep bank accounts, or own property somewhere outside of California, but there is no evidence that any of them engages in any such conduct in New York.

## 2. § 302

■ New York's long-arm statute "permits the exercise of long-arm jurisdiction over actions based upon transactions in New York." *Landoil*, 918 F.2d at 1043 n. 5. Section 302 provides four additional means for obtaining personal jurisdiction over a defendant:

As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or

4. owns, uses or possesses any real property situated within the state.

Plaintiffs have failed to argue that any of these bases of personal jurisdiction apply to any of the moving defendants in this action. Nor does the Court's own review of the factual allegations in the complaint provide it with any reason to conclude that it may exercise personal jurisdictional over any of the moving defendants on the basis of § 302. Plaintiffs argue that they purchased the condominium unit in question pursuant to a contract with the original developer that plaintiffs negotiated and executed while they were in New York and the developer was in California. It is irrelevant, however, whether these allegations provide a legally sufficient basis for the Court to exercise personal jurisdiction over the developer, since he is not a party to the current action.

If plaintiffs' only basis for subject matter jurisdiction were diversity jurisdiction, then the Court at this point would grant defendants' motion to dismiss for lack of personal jurisdiction. In their opposition to the motion, however, plaintiffs refer to an alternative basis for subject matter jurisdiction that, they assert, changes the personal jurisdiction analysis.

## C. Bankruptcy

■ Nowhere in complaint do plaintiffs mention that George Harder has filed for Chapter 13 bankruptcy in the Bankruptcy Court for the Northern District or suggest that the Court may exercise subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1334. Plaintiffs assert this alternative basis for subject matter jurisdiction for the first time in their response to defendants' motion. The Court will assume without deciding that such an avowal of subject matter jurisdiction in a responsive pleading, rather than pursuant to 28 U.S.C. § 1653, is legally sufficient.

Plaintiffs cite *In re Astrocade, Inc.*, 79 B.R. 983, 985 (Bankr.S.D.Ohio 1987) for the

proposition that "the district court, and its bankruptcy court units, have jurisdiction that extends nationwide over nonresident defendants in any 'related to' proceeding despite a lack of 'minimum contacts' with the forum in which the district or bankruptcy court is located." The *Astrocade* court cited as authority for this proposition *In re WWG Ind., Inc.*, 44 B.R. 287 (D.C.N.D.Ga.1984), *In re Coby Glass Prods. Co.*, 22 B.R. 961 (Bankr. D.R.I.1982), and *In re Schack Glass Ind. Co.*, 20 B.R. 967 (Bankr.S.D.N.Y.). In the latter two cases, the bankruptcy courts based their decisions about whether to exercise personal jurisdiction over nonresident defendants on 28 U.S.C. § 1471, which the Supreme Court declared unconstitutional in *Northern Pipeline Constr. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Two years after *Marathon*, the *WWG* court held that if a plaintiff whose bankruptcy action is pending in federal bankruptcy court commences a "non-core," related proceeding in a district court, involving purely state-law claims ancillary to the federal claim in the underlying bankruptcy action, 28 U.S.C. § 1334 permits the district court to exercise "ancillary personal jurisdiction" over nonresident defendants for the state-law claims, even if the defendants lack minimum contacts with the forum state. *WWG*, 44 B.R. at 290. The rationale for this holding is that federal district courts and bankruptcy courts adjudicating bankruptcy issues pursuant to Title 11 exercise federal question jurisdiction, rather than diversity jurisdiction. *Id.; see also In re First Hartford Corp.*, 63 B.R. 479 (Bankr.S.D.N.Y.1986) (citing *Hogue v. Milodon Eng'g, Inc.*, 736 F.2d 989, 991 (4th Cir.1984).

Presumably relying on *WWG*, plaintiffs assert that "all matters relating to [the bankruptcy] action should remain in the Northern District of New York. (Ps' Aff. in Opp. ¶ 3.) In addition to having non-binding force on this Court, *WWG* provides little assistance to a district court whose local rules call for the referral of civil actions "related to" pending bankruptcy petitions to the relevant bankruptcy court. Likewise, plaintiffs' suggestion that all matters related to the pending bankruptcy petition should remain in this Court would bear on the Court's analysis only in the absence of a local rule referring related to proceedings to the bankruptcy court.

■■ A civil proceeding is related to a bankruptcy proceeding if " 'the outcome of [the civil] proceeding could conceivably have any effect on the estate being administered in bankruptcy.' " *In re J.T. Moran Fin. Corp.*, 119 B.R. 447, 451 (Bankr.S.D.N.Y. 1990) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984)); *see also Smith v. Commercial Banking Corp.*, 866 F.2d 576, 580 (3d Cir.1989). Apart from plaintiffs' conclusory assertions that some of the issues in the civil action at bar are similar to and overlap some of the core and non-core issues in George Harder's bankruptcy petition, they leave the Court grasping for some evidence that this action is "related to" the bankruptcy petition for purposes of § 157. Rather than argue that the outcome of the case at bar would affect the bankruptcy estate or its administration, plaintiffs claim that the pending bankruptcy action is almost complete: "On or about August 22, 1995 the Bankruptcy Court confirmed ... George W. Harder's[ ] plan and as debtor he is awaiting service of a copy of the Court's order." (Ps' Aff. in Opp. ¶ 7.) In response to plaintiffs' claim that the California condominium unit at issue in this case is listed as one of the debtor's assets in the bankruptcy case (*id.* at 8), defendants argue that the property cannot belong to the debtor's estate because George Harder filed his bankruptcy petition over a year after defendant Sosa received the deed to it. (Ds' Reply Mem. at 4 (citing *In re Brown*, 734 F.2d 119, 124 (2d Cir. 1984).) At any rate, whether a civil proceeding is "related to" a bankruptcy case is a question for the bankruptcy judge ultimately to decide. *Alliance Comms. Group v. Northern Telecom, Inc.*, 65 B.R. 581, 585 (S.D.N.Y.1986); *see also In re C–TC 9th Ave. Partnership*, 177 B.R. 760, 766 (N.D.N.Y. 1995) (holding that bankruptcy judge, rather than district court judge, properly determines whether adversary proceeding is core or non-core).

According to N.D.N.Y.R. 76.1(a), "All cases under Title 11 of the United States Code, and all proceedings arising under Title 11, or arising in, or related to, a case under Title

11, are referred to the bankruptcy court of this district pursuant to Title 28 U.S.C. § 157." The Court will therefore refer this matter to the bankruptcy court for a determination, first, of whether any or all of plaintiffs' causes of action against any or all of the defendants are related to plaintiff George Harder's bankruptcy petition. Next, with respect to any causes of action that are so related, defendants' motion to dismiss for lack of personal jurisdiction is DENIED and the Court respectfully requests that the bankruptcy judge hear the proceeding and submit proposed findings of fact and conclusions of law in accordance with 28 U.S.C. § 157(c)(1). As to these claims, if any, the Court grants defendants leave to file or renew all appropriate pre-trial motions. Third, with respect to any causes of action asserted against a moving defendant that the bankruptcy judge determines are not related to the bankruptcy petition, defendants' motion to dismiss for lack of personal jurisdiction is GRANTED. Finally, with respect to any of causes of action asserted against a non-moving defendant that the bankruptcy judge determines are not related to the bankruptcy petition, the Court notes that such defendants may file a motion pursuant to 28 U.S.C. § 157(d) for this Court to withdraw its reference to the bankruptcy court.

SO ORDERED.